J-M05004-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| VAUGHN ANDERSON | : | |
| Petitioner | : | No. 67 EDM 2024 |

Appeal from the Order Entered June 20, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006907-2023

MEMORANDUM PER CURIAM:                    **FILED SEPTEMBER 26, 2024**

Petitioner, Vaughn Anderson, filed a "Petition for Specialized Review" ("Petition"), seeking review of the June 20, 2024 order of the Court of Common Pleas of Philadelphia County ("trial court"), which granted the Commonwealth's motion for revocation of pretrial bail and consequently revoked Petitioner's bail.[1]  ***See*** Pa.R.A.P. 1610 (providing for review of an order granting or denying release or modifying the conditions of release before sentence through a petition for specialized review); Pa.R.A.P. 1762(b) (providing that an order relating to bail when no appeal is pending shall be subject to review pursuant to Chapter 16 of the Rules of Appellate Procedure);

---

[1] The thirtieth day after June 20, 2024, fell on Saturday, July 20, 2024. Accordingly, Petitioner timely filed the Petition on the following Monday, July 22, 2024.  ***See*** 1 Pa.C.S. § 1908 (excluding weekend days and holidays from the computation of the time period for a filing when the last day of the time period falls on a weekend or a holiday).

***Commonwealth v. Miller***, 2004 PA Super 142 (Pa. Super. July 11, 2024) (applying to petitions for specialized review of bail filed under Pa.R.A.P. 1610 the rationale in ***Interest of N.E.M.***, 311 A.3d 1088 (Pa. 2024) (holding that review of the merits of a petition for specialized review involving a juvenile out-of-home placement order is mandatory)).  The Commonwealth thereafter filed a response to the Petition.  Upon review, we affirm the trial court's June 20, 2024 order.

Petitioner is charged with attempted murder, aggravated assault, possession of a firearm prohibited, and related offenses stemming from allegations that he fired a handgun at two minor victims, E.J. and D.J. ("Complainants").  The Municipal Court judge set bail at 10% of $1,000,000.  However, Petitioner remained incarcerated, and the charges were held over for trial.  In the trial court, Petitioner filed a motion seeking nominal bail pursuant to Pa.R.Crim.P. 600(B).  However, Petitioner withdrew the motion after the Commonwealth agreed to his release from pretrial custody to house arrest on unsecured bail.  As a condition of his release, Petitioner was ordered to have no contact with Complainants.  Three weeks later, the Commonwealth filed a motion to revoke bail, alleging that Petitioner and his cohorts were engaging in witness intimidation of Complainants.

At the ensuing June 20, 2024 bail hearing, Complainant D.J. testified as a hostile witness for the Commonwealth.  ***See*** N.T. Bail Hearing, 6/20/24, at 8.  D.J. denied safety concerns as to Petitioner but noted that her brother,

E.J., had been contacted about the case multiple times through third parties. *Id*. E.J. refused to testify. Accordingly, the Commonwealth elicited testimony from the detective who transported E.J. and D.J. to the hearing. The detective explained that transport was arranged for the witnesses due to safety concerns. *Id*. at 13. During transport and while awaiting the start of the hearing, the detective observed the anxious demeanors of E.J. and D.J., who expressed fear of retaliation if they were to testify against Petitioner, due to "the word on the street." *Id*. at 13-17. Thereafter, Petitioner's pretrial house-arrest officer testified that Petitioner had been attending drug treatment and following the house arrest schedule. *Id*. at 26-27.

At the conclusion of testimony, the Commonwealth admitted Petitioner's secure court summary, which detailed Petitioner's "violent criminal history." *Id*. at 32-35. The prosecutor explained that Petitioner had a prior adjudication for third-degree felony robbery and three prior convictions for first-degree felony robbery which involved firearms. *Id*. at 32-33. Further, in 2019, while serving probation for the robberies, Petitioner violated his probation when he obtained a misdemeanor drug conviction and was resentenced to six to twenty-three months of imprisonment. *Id*. at 34, 41. Finally, the Commonwealth pointed out that Appellant had used various aliases in the past, which were noted on the report. *Id*. at 39. Counsel responded that Appellant should not be penalized for the probation violation because it was

committed due to Petitioner's drug addiction for which he was now seeking treatment. *Id*. at 42.

While the trial court agreed with Petitioner that the evidence was insufficient to show witness intimidation, the court was unpersuaded by Counsel's attempt to downplay the significance of Petitioner's criminal record. The trial court explained its reasoning for granting the Commonwealth's motion and revoking bail, as follows:

> I think that in considering my decision on the Commonwealth's motion, let me first say that I don't think the evidence has been sufficient for the Court to make a finding that the defendant has had inappropriate contact with the complainants or that he directed someone to have inappropriate contact with the complainants based on the record before me. I also have carefully reviewed the defendant's criminal history, which I have not previously reviewed and which wasn't really presented in any prior hearing because there was no objection to the defendant's release on house arrest at the time I granted the 600(b) motion or any prior motion to revoke bail. I have now reviewed it and I am troubled by the fact that the history indicates that the defendant was previously convicted of three prior F1 robberies with a threat of immediate serious bodily injury, that he served a sentence for those and then while on supervision violated his supervision and was resentenced to serve additional time for the violation back in 2019. He was confined for another period of 6 to 23 months after having violated his probation. That raises serious concerns about his complying with the conditions of release and it raises serious concerns because of the fact that there are multiple violent F1 offenses that are part of his history; and I look now and he is charged with very serious offenses including attempted murder.
>
> And while I understand he's presumed innocent of those charges, I still have to consider the serious nature of the allegations in conjunction with his criminal record and history as well as his violation of the terms of his prior supervision. And when I consider those factors together, I have decided that the defendant does post a danger to the community sufficient that I'm

going to grant the Commonwealth's motion to revoke his bail at this time and order that he be held pending trial.

*Id*. at 38-40.  Petitioner remains incarcerated while awaiting his October 15, 2024 trial.

On July 22, 2024, Petitioner filed the instant Petition, presenting two issues for our review:

1. Whether the lower court abused its discretion by failing to consider any of the requisite factors in Pa.R.Crim.P. 523 when it revoked [Petitioner's] bail?

2. Whether the lower court violated Article I, § 14 of the Pennsylvania Constitution as interpreted by Commonwealth v. Talley, 265 A.3d 485, 519 (Pa. 2021) by revoking bail because the Commonwealth presented no, let alone sufficient evidence that (1) the accused will harm someone if he is released and that (2) there is no condition of bail within the court's power that reasonably can prevent the defendant from inflicting that harm?

Petition, 7/22/24, at 9.

This Court reviews orders denying bail for an abuse of discretion, reversing only where the trial court misapplies the law, its judgment is manifestly unreasonable, or the evidence of record shows that its decision is a result of partiality, prejudice, bias, or ill will.  *See Commonwealth v. Bishop*, 829 A.2d 1170, 1172 (Pa. Super. 2003).  Moreover, this Court's scope of review from the denial of bail is limited to the record evidence adduced at the bail hearing and the findings of the lower court, reviewed in the light most favorable to the prevailing party.  *Commonwealth v. Talley*, 265 A.3d 485, 527 (Pa. 2021).  This Court will affirm the trial court's denial of bail "if [the

court's] factual findings are supported by competent evidence of record, and [its] legal conclusions drawn therefrom are correct." *Id*.

The right to bail, with certain exceptions, is enshrined in the Pennsylvania Constitution, Article I, Section 14, which provides in pertinent part:

> All prisoners shall be bailable by sufficient sureties, unless for capital offenses or for offenses for which the maximum sentence is life imprisonment or **unless no condition or combination of conditions other than imprisonment will reasonably assure the safety of any person and the community when the proof is evident or presumption great**[.]

PA. CONST. art. I, § 14 (emphasis added).

In *Talley*, our Supreme Court conducted a thorough analysis of a defendant's right to bail pursuant to Article I, Section 14 of the Pennsylvania Constitution. The Court concluded:

> [A] trial court may deny bail under Article I Section 14 when the Commonwealth's proffered evidence makes it substantially more likely than not that the accused: (1) committed a capital offense, (2) committed an offense that carries a maximum sentence of life imprisonment, or **(3) presents a danger to any person and the community, which cannot be abated using any available bail conditions.** That determination requires a qualitative assessment of the Commonwealth's case.

*Talley*, 265 A.3d at 525-26 (emphasis added). The Court provided a non-exhaustive list of factors a trial court should consider in denying bail. These factors include: (1) the defendant's character, (2) relevant behavioral history or past patterns of conduct, (3) the gravity of the charged offense, (4) the conditions of bail reasonably available to the court, and (5) any evidence that

tends to show that those conditions would be inadequate to ensure the protection of any person or the community. *Id*. at 525. Thus, according to the Court, "[i]f the balance of the evidence is rife with uncertainty, legally is incompetent, requires excessive inferential leaps, or lacks any indicia of credibility, it simply is not evident proof, nor can it give rise to a great presumption, that the accused is not entitled to bail." *Id*. at 526.

We address Petitioner's two issues together. Petitioner claims that the trial court failed to articulate a reasonable basis for revoking bail because the court limited its consideration to three of the Rule 523(A) factors: the serious nature of the underlying charges, allegations of witness intimidation, and a probation violation. Petitioner further contends that the trial court placed undue emphasis on his prior convictions because he is no longer serving sentences for those crimes. Appellant cites the testimony of the pretrial house arrest officer, that Appellant has been attending regular drug treatment sessions, as evidence that he no longer poses a risk to the community. Appellant also highlights the fact that the Commonwealth was aware of his prior convictions when it agreed to his release from pretrial confinement a few weeks earlier as evidence that he does not pose a risk to public safety. The Commonwealth responds that the record supports the trial court's findings and that the trial court did not abuse its discretion in revoking bail.

Upon review of the bail hearing transcript and the parties' submissions, we conclude that the trial court appropriately considered different and relevant

factors consistent with *Talley* and, as a result, did not abuse its discretion in revoking Petitioner's bail. At the hearing, the trial court explained that it was troubled by the serious nature of the allegations, which when viewed in conjunction with Petitioner's criminal record and history of violating the terms of a prior supervision, led the court to conclude that Petitioner posed a danger to the community. *See* N.T. Bail Hearing, 6/20/24, at 40. Further, Petitioner admitted that that he is seeking treatment for a drug addiction that has fueled his past noncompliance with supervision. The pretrial house-arrest officer testified that Petitioner has been attending drug treatment, but offered no insight into how Petitioner's treatment was progressing. Finally, while Petitioner contends that the trial court's consideration of his prior record was inappropriate because it existed at the previous bail hearing, he has offered no precedential support for his position.

Our review of the record reveals that the trial court properly considered evidence pertaining to the Rule 523(A) factors. It was within the trial court's discretion to accept the Commonwealth's argument that Petitioner posed a danger to the community due to his violent criminal history, failure to comply with past supervision, active drug addiction, and the serious nature of the charges alleged. Accordingly, we find no abuse of discretion in the trial court's decision, and no relief is due.

Order Affirmed. Jurisdiction Relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/26/2024